# Ohio Pail Company *v.* Cook, Appellant.

*Contract—Sale of timber—Conveyance of land—Equity—Specific performance—Personal act.*

Where a lumber company sells by an agreement in writing, all timber of certain species and of certain sizes, and by a second agreement all timber of a certain species without regard to size, and thereafter by a verbal agreement agrees to cut and haul the timber to the purchaser, and subsequently the lumber company sells the land to another person who has knowledge of the original agreement and the oral agreement, but not of the second written agreement, the vendee cannot be compelled to perform specifically the personal act of cutting and hauling the timber, and cannot be enjoined from converting to its own use the timber on land which the lumber company had acquired after the date of the original agreement, and this is the case although the lumber company had made no distinction between before and after acquired lands in delivering timber to the purchaser thereof.

Argued Oct. 8, 1908. Appeal, No. 200, Oct. T., 1908, by defendant, from decree of C. P. Somerset Co., Equity Docket 1907, No. 2, on bill in equity in case of The Ohio Pail Company *v.* A. W. Cook & Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Decree modified.

Bill in equity for an injunction. Before KOOSER, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was to decree and to various findings and
rulings.

*W. H. Ruppel,* with him *C. Z. Gordon* and *Chas. F. Uhl, Jr.,*
for appellant.

*J. A. Berkey,* with him *Clarence L. Shaver* and *Wm. G. King,*
for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1909:

It is averred in the bill filed that in September, 1901, the
Droney Lumber Company was the owner of a large tract of
timber land, and that it entered into a written agreement with
the plaintiff for the sale of the poplar, cucumber, bass and linn
timber of certain sizes and agreed to furnish cars at convenient
points on the line of its road and haul the timber to the plain-
tiff's mill without charge. The plaintiff was to erect a mill on
the land of the lumber company, to follow its log cutters, cut-
ting over only such land as they had cut over each year, and
to load and unload the timber. In December, 1901, a second
written agreement was entered into which provided for the
sale and delivery at the plaintiff's mill of all the basswood
without regard to size. In pursuance of these agreements
the plaintiff entered into possession and built a mill at a cost
of $10,000, and the contracts were carried out by both parties
until February, 1906, when the lumber company sold all its
interest in the land and lumber to A. W. Cook & Company, the
defendant, who bought with knowledge of the agreements
and carried them out until July, 1906, since which time it has
refused to deliver the basswood or permit the plaintiff to cut
and take away any timber, and has cut and converted the same
to its own use. The prayers of the bill are for a decree restrain-
ing the defendant from converting the timber to its own use,
requiring the carrying out of the contracts, and for an account
for timber taken.

It was found by the court that soon after operations had been commenced under the written agreements of September and December, 1901, a supplemental verbal agreement, revocable at any time by either party, was entered into whereby for an increased price the plaintiff was relieved from all work in the woods and all timber was to be cut and delivered by the lumber company; that the parties operated under this agreement for four years and up to the time of the sale by the lumber company, and that the agreement was carried out by the defendant for some months after its purchase; that at the time of the purchase by the defendant it had actual knowledge of the first written agreement and of the verbal agreement, and of the possession and operations of the plaintiff; but that it had no knowledge of the second written agreement and that in the conveyance of the land and the sale of the personal property there was no reservation of any right in favor of the plaintiff and that the defendant had not agreed with anyone to carry out the contracts which the plaintiff and the lumber company had entered into. The decree enjoins the, defendant from converting to its own use any of the timber mentioned in the written agreements; from interfering with the plaintiff in the exercise of rights conferred by these agreements; and requires the defendant "to perform the covenants, stipulations and conditions which the Droney Lumber Company had agreed and undertaken to perform by virtue of said contracts," and to pay such damages as may be established on further hearing.

The decree is not limited in its operation to lands owned by the lumber company at the time the agreements of September and December, 1901, were made, but extends to all lands afterwards acquired by the company and conveyed by it to the defendant. The finding of fact on which the enlargement of the decree is based is that it appeared that some tracts were acquired by the lumber company after it had entered into the contracts mentioned, and it did not appear from the evidence what had been cut over at the time of the sale to the defendant, and that the lumber company had made no distinction between, before and after acquired lands in delivering timber to the plaintiff.

The burden of showing what lands were included in the contracts was on the plaintiff and, if as to any tracts its proofs were indefinite or unsatisfactory, it failed as to them. Moreover, the agreements relate only to lands then owned by the lumber company and could not be extended as against it, and much less as against its grantee without knowledge or notice, to lands afterwards acquired. The decree also goes too far in enforcing the rights of the plaintiff secured against the lumber company by the second agreement and in requiring the defendant to furnish cars and haul lumber, as provided by the first. Of the second written agreement the defendant had no knowledge. The operations on the land by the plaintiff were all consistent with its rights under the first agreement and they were not notice of the existence of other rights and gave rise to no duty of inquiry. The agreement to haul lumber was a purely personal one by the lumber company and cannot be specifically enforced against the defendant. The limit of the plaintiff's remedy in the proceeding is to have secured to it the right to cut and remove the timber mentioned in the first agreement, in accordance with the terms thereof, and to an account for timber bought under that agreement that has been appropriated by the defendant. With this modification of the decree it is affirmed.